IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

       Plaintiff,                  No. CIV S-12-0680 GEB DAD PS

    vs.

AL EJANDA,                       ORDER AND
                                     FINDINGS AND RECOMMENDATIONS

       Defendant.
_____/

       By Notice of Removal filed March 19, 2012, this unlawful detainer action was removed from the Sacramento County Superior Court to this court by defendant Al Ejanda, who paid the required filing fee and who is proceeding pro se. On March 22, 2012, plaintiff's counsel filed a motion for remand and set the matter for hearing before the undersigned on April 27, 2012. This matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

       It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v.

1

1  Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction must be rejected if
2  there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d
3  564, 566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction falls on the party
4  invoking removal.'"  Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.
5  1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See also
6  Provincial Gov't of Martinduque, 582 F.3d at 1087.  Moreover, "the existence of federal
7  jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to
8  those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d
9  1108, 1113 (9th Cir. 2000).  Where it appears, as it does here, that the district court lacks subject
10 matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

11          In removing this action, defendant alleges in conclusory fashion that plaintiff's
12 complaint alleges claims pursuant to federal law, specifically the Fair Debt Collection Practices
13 Act, the Real Estate Settlement Procedures Act, and the Truth in Lending Act.  (Notice of
14 Removal (Doc. No. 1) at 2-3.)  In this regard, defendant argues that pursuant to 28 U.S.C. §
15 1441(b), this action "may be maintained in any appropriate United States District Court . . ."
16 (Id.)

17          It is evident however from a reading of plaintiff's complaint that this is nothing
18 more than a garden-variety unlawful detainer action filed against the former owner of real
19 property located in California and that it is based wholly on California law.  As such, the
20 complaint does not involve any "claim or right arising under the Constitution, treaties or laws of
21 the United States" that would have permitted plaintiff to file this action originally in federal
22 court.  See 28 U.S.C. § 1441(b).  Thus, defendant has failed to meet his burden of establishing a
23 basis for federal jurisdiction over this action.

24          Accordingly, IT IS ORDERED that the hearing of plaintiff's motion to remand
25 (Doc. No. 3) is vacated, and that motion is dropped from the court's April 27, 2012 law and
26 /////

motion calendar. The motion may be re-noticed if this case is not remanded by the assigned District Judge.

IT IS RECOMMENDED that this action be summarily remanded to the Superior Court of California, County of Sacramento and that this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after service of the objections.

DATED: April 20, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\fedhomeloan-ejanda0680.f&r.remand.ud